**GULF OIL CORPORATION, Addressograph-Multigraph Corporation and Harry Cobb, Appellants,**

v.

**William H. WOLOWITZ, Appellee.**

**HUMBLE OIL & REFINING COMPANY, Appellant,**

v.

**William H. WOLOWITZ, Appellee.**

**Nos. 20385, 20386.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 16, 1967.

Decided March 20, 1967.

Petition for Rehearing En Banc Denied April 28, 1967.

Mr. William D. Hall, Washington, D. C., with whom Mr. Elliott I. Pollock, Washington, D. C., was on the brief, for appellee.

Mr. William K. Kerr, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. Henry T. Rathbun, Washington, D. C., and Albert E. Fey, New York city, were on the brief, for appellants.

Before BURGER, TAMM and ROBINSON, Circuit Judges.

PER CURIAM:

These actions, consolidated for trial and hearing, are before this court on appeal by defendant-appellants from a judgment of the United States District Court entered May 31, 1966. That judgment held valid appellee Wolowitz's Patent No. 2,582,187, covering a "Printing Machine for Duplicating Indicia" and further held that the present appellants had infringed the valid patent. While accepting generally the learned trial judge's findings of facts, appellants based their appeals upon claims that the trial judge applied improper legal standards of patent validity to the facts in the record and, consequently, erred in the conclusions he reached, both as to patent validity and infringement.

The trial judge filed a detailed opinion which included 71 findings of fact and his conclusions of law based upon these findings. Wolowitz v. Gulf Oil Corp., et al., 155 F.Supp. 100.

The Supreme Court has but recently redefined the standards of patentability of inventions, with particular reference to the congressional addition of obviousness to patent requirements, by the enactment of § 103 of the Patent Act of 1952, 35 U.S.C. § 103 (1964 ed.). In Graham v. John Deere Co., 383 U.S. 1, 14, 86 S.Ct. 684, 15 L.Ed.2d 545 speaking for the Court, Mr. Justice Clark, in defining the import of § 103 on prior patent requirements, said:

> "Patentability is to depend, in addition to novelty and utility, upon the 'nonobvious' nature of the 'subject matter sought to be patented' to a person having ordinary skill in the pertinent art."

Speaking further to the same § 103, Mr. Justice Clark pointed out that:

> " * * * The emphasis on nonobviousness is one of inquiry, not quality, and, as such, comports with the constitutional strictures.

> "While the ultimate question of patent validity is one of law, A. & P. Tea Co. v. Supermarket Equipment Corp., *supra*, [340 U.S.] at 155, [71 S.Ct. at 131,] the § 103 condition, which is but one of three conditions, each of which must be satisfied, lends itself to several basic factual inquiries. Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented. As indicia of obviousness or nonobviousness, these inquiries may have relevancy." Graham v. John Deere, *supra*, 383 U.S. at 17, 86 S.Ct. at 693.

Applying these criteria to the trial judge's findings of facts and conclusions of law, we are convinced that upon the whole record he applied the established judicial standards of patent validity and legal doctrine to the evidence in this case, not only to the issue of obviousness but also to other involved questions of patentability and infringement.

We note further that there is substantial evidence in the record to support each of the trial judges findings of fact. Rule 52 Federal Rules of Civil Procedure.

"This Court possesses no empirical expertise to set against the careful and reasonable conclusions of lower courts on purely factual issues. When, as here, resolution of disputed factual issues turns largely on an assessment of the relative credibility of witnesses whose testimonial demeanor was observed only by the trial court the rule has particular force." Berenyi v. District Director, Immigration and Naturalization Service, 385 U.S. 630, 87 S. Ct. 666, 17 L.Ed.2d 656 (Jan. 23, 1967). Affirmed.